UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAYNE AUCOIN                                             CIVIL ACTION

VERSUS

LT. ANDREW CUPIL AND                     NO.: 16-00373-BAJ-RLB
SGT. REGINALD ROBINSON

## RULING AND ORDER

Before this Court is Defendants' **Motion to Dismiss, (Doc. 26)**, seeking to dismiss Plaintiff's First Amended Complaint, (Doc. 13), pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Oral argument is not necessary. For the following reasons, Defendants' motion is **DENIED**.

### I. BACKGROUND

At the time relevant to this suit, Plaintiff was an inmate at Dixon Correctional Institute ("DCI") in East Feliciana Parish, Louisiana. (Doc. 13 at ¶ 3). Plaintiff alleges that Defendants, two employees at DCI, used excessive force on him during his incarceration. (Doc. 13 at ¶¶ 3, 21). Plaintiff avers that Defendants maced him and—after he was restrained—repeatedly beat him, despite Plaintiff's compliance with Defendants' orders. (Doc. 13 at ¶¶ 8–12). Following the purported incident, Plaintiff brought 42 U.S.C. § 1983 and state-law negligence claims against Defendants. (Doc. 13 at ¶¶ 27, 35).

1

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (per curiam). "A claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts that would entitle him to legal relief." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251 (5th Cir. 2006) (en banc). This Court "take[s] the well-pled factual allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). When analyzing a Rule 12(b)(1) motion, this Court "may find a plausible set of facts by considering any of the following: '(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* (quoting *Barrera–Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

Even so, the party asserting federal jurisdiction bears the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When a district court finds that it lacks subject-matter jurisdiction, its determination is not on the merits of the case, and does not bar the plaintiff from pursuing the claim in a proper jurisdiction. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam).

## III. DISCUSSION

Defendants argue that they are entitled to Eleventh Amendment sovereign immunity insofar as Plaintiff sued them in their official, as opposed to individual, capacity. (Doc. 26-1 at p. 2). Specifically, Defendants claim that because Plaintiff did not specify in either his Complaint, (Doc. 1), or First Amended Complaint, (Doc. 13), in which capacity he sued Defendants, they are entitled to dismissal under Rule 12(b)(1).

"Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996). A § 1983 suit against a state official in his official capacity is treated as a suit against the state. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, if Plaintiff sued Defendants in their official capacity, the suit would be barred by sovereign immunity, and dismissal would be proper.[1]

In *Hafer*, the Supreme Court explained the difference between official- and personal-capacity suits. Since it is the Government, not the official, who is the real party in an official-capacity suit, the "entity's 'policy or custom' must have played a part in the violation of federal law." *Id.* at 25 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). When an officer is sued in his personal capacity under § 1983, the plaintiff is seeking only "to impose individual liability upon a government officer for actions taken under color of state law." *Id.*

---

[1] Plaintiff did not request declaratory or injunctive prospective relief, so the *Ex Pate Young* exception to official-capacity claims does not apply. *See Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604–05 (5th Cir. 2008).

Where it is unclear in which capacity a defendant is sued, this Court may look to the "course of proceedings" to clarify. *United States ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 402–03 (5th Cir. 2004); *see also Graham*, 473 U.S. at 167 n.14 ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed.").

Here, the "course of proceedings" indicate that Plaintiff sued Defendants in their personal, not official, capacity. *See United States ex rel. Adrian*, 363 F.3d at 402. Plaintiff's Memorandum in Opposition clarifies that he is pursuing claims against the Defendants in their personal capacities only. (Doc. 27 at p. 1). Moreover, Plaintiff has not alleged a "policy or custom" as would be necessary to maintain a suit against the state. *See Hafer*, 502 U.S. at 25. Plaintiff also seeks punitive damages under § 1983, (Doc. 13 at ¶¶ 34), which are not available in official-capacity suits. *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014). Thus, this Court holds that Defendants were sued in their individual capacities, and sovereign immunity does not bar the claims against them.[2]

---

[2] This Court, however, notes the Supreme Court's admonishment that "[i]t is obviously preferable for the plaintiff to be specific in the first instance to avoid any ambiguity." *Hafer*, 502 U.S. at 24 n.* (quoting *Melo v. Hafer*, 912 F.2d 628, 636 n.7 (3d Cir. 1990)).

4

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss, (Doc. 26),** is **DENIED**.

Baton Rouge, Louisiana, this 21st day of August, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**