UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LAYNE AUCOIN | CIVIL ACTION |
|---|---|
| VERSUS | |
| LT. ANDREW CUPIL, ET AL. | NO.: 16-00373-BAJ-RLB |

RULING AND ORDER

Before the Court is a **Motion in Limine (Doc. 49)** filed by Defendants Andrew Cupil and Reginald Robinson. Plaintiff Layne Aucoin filed an opposition. (Doc. 52). For the reasons that follow, the Court **DEFERS** a ruling on the **Motion in Limine (Doc. 49)** and **ORDERS** Plaintiff to **SHOW CAUSE** why he should not be sanctioned under Federal Rule of Civil Procedure 37(c) for making inadequate, false, or misleading Federal Rule of Civil Procedure 26(a) initial disclosures.

I. BACKGROUND

This excessive-force case arises from a scuffle between prison guards and an inmate on suicide watch. (Doc. 40). Plaintiff is an inmate at the Dixon Correctional Institute. (*Id.* at p. 1). Defendants are prison guards. (*Id.*). Plaintiff sued Defendants for negligence and violations of 42 U.S.C. § 1983, alleging that Defendants punched him when he was restrained. (*Id.* at p. 2).

A two-day jury trial will begin on November 26, 2018. (Doc. 71). In the lead-up to it, Plaintiff submitted a proposed pretrial order listing the exhibits he intends to

1

introduce. (Doc. 46). Defendants take issue with two exhibits. (Doc. 49-1, p. 2). The first is labelled "Certified Medical Records and Billing Metropolitan Health," (Doc. 46, p. 9), the second is labelled "Medical Summary." (Doc. 46, p. 10). Defendants move to exclude both exhibits. (Doc. 49).

## II.   LEGAL STANDARD

The party objecting to the admission of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III.   DISCUSSION

### A.   Metropolitan Health Medical Records

Defendants ask the Court to exclude the Metropolitan Health medical records because the records have not been authenticated and Plaintiff failed to produce them during discovery. (Doc. 49-1, p. 2). Plaintiff rejoins that he produced all medical records in certified form after Defendants filed their motion in limine. (Doc. 52, p. 1). Because Defendants did not file a reply brief challenging that assertion, the Court assumes that Defendants' authentication-based objection is resolved and turns to the failure-to-produce objection.

Defendants assert that Plaintiff did not produce the Metropolitan Health medical records until May 2018, more than 11 months past the discovery deadline. (Doc. 49-1, p. 2). Plaintiff responds that he "identified the records during discovery," but admits that "[t]he production was incomplete." (Doc. 52, p. 1). Plaintiff offers no

2

explanation for failing to timely produce the medical records. (*Id.*). Plaintiff also fails to articulate how he will be prejudiced if the Court excludes them. (*Id.*). Defendants, in turn, cite no authority to support their requested remedy. (Doc. 49-1). Nor do Defendants explain why they waited until June 15, 2018—one year after discovery closed—to object to Plaintiff's failure to produce medical records that Plaintiff identified in discovery. (*Id.*). Had Defendants timely moved to compel Plaintiff to respond to discovery, the Court could have ordered Plaintiff to produce the medical records. *See* FED. R. CIV. P. 37(a). If Plaintiff then failed to produce the records, the Court could have sanctioned him. FED. R. CIV. P. 37(b). Because Defendants did not move to compel, the Court could not issue an order compelling Plaintiff to produce the medical records, and the Court cannot now preclude Plaintiff from using those records at trial under Federal Rule of Civil Procedure 37(b). *See* FED. R. CIV. P. 37(b)(2)(A).

Sanctions may be warranted under another rule. *See* FED. R. CIV. P. 37(c). Federal Rule of Civil Procedure 37(c) empowers the Court to sanction Plaintiff if he made inadequate, false, or misleading Federal Rule of Civil Procedure 26(a) initial disclosures. *See* FED. R. CIV. P. 37(c). Federal Rule of Civil Procedure 26(a) required Plaintiff to provide Defendant with a computation of each category of damages he claimed. FED. R. CIV. P. 26(a)(1)(A)(iii). It also required Plaintiff to

> make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

FED. R. CIV. P. 26(a)(1)(A)(iii).

The Court lacks the information it needs to determine whether Plaintiff "ma[de] available for inspection and copying as under Rule 34" the Metropolitan Health medical records that he concedes he failed to timely produce. FED. R. CIV. P. 26(a)(1)(A)(iii). If Plaintiff failed to identify the Metropolitan Health medical records in his Federal Rule of Civil Procedure 26(a) disclosures, or failed to make the records available for inspection and copying, then the Court will impose sanctions under Federal Rule of Civil Procedure 37(c).

The Court thus orders Plaintiff to SHOW CAUSE why he should not be sanctioned under Federal Rule of Civil Procedure 37(c) for making inadequate, false, or misleading Federal Rule of Civil Procedure 26(a) initial disclosures. The Court DEFERS ruling on Defendants' motion in limine as to the Metropolitan Health medical records pending its review of Plaintiff's response to this Order.

### B. Medical Summary

Defendants ask the Court to exclude an exhibit labelled "Medical Summary" because Plaintiffs have not authenticated it or provided Defendants with a copy during discovery. (Doc. 49-1, p. 2). Plaintiff invokes Federal of Evidence 1006 and asserts that he has provided Defendants with a copy of the summary. (Doc. 52, p. 1). Neither party submitted a copy of the summary for the Court's review.

A party may use a summary to prove the content of "voluminous writings" that cannot be "conveniently examined in court." FED. R. EVID. 1006. Because the parties do not offer a copy of the summary or the medical records the summary purports to represent, the Court lacks the information it needs to decide if the summary is

4

admissible. *See United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001) (explaining when summary evidence is admissible). The Court thus DEFERS ruling on the admissibility of Plaintiff's exhibit labelled "Medical Summary."

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Court's ruling on Defendants' **Motion in Limine (Doc. 49)** is **DEFERRED**.

**IT IS FURTHER ORDERED** that Plaintiff has until **October 24, 2018** to **SHOW CAUSE** to this Court why it should not impose sanctions under Federal Rule of Civil Procedure 37(c) for Plaintiff's inadequate, false, or misleading Federal Rule of Civil Procedure 26(a) initial disclosures.

**IT IS FURTHER ORDERED** that Defendants have until **October 31, 2018** to file a reply to Plaintiff's response to this Order.

Baton Rouge, Louisiana, this 17th day of October, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**