# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAYNE AUCOIN | CIVIL ACTION |
| VERSUS | |
| ANDREW CUPIL, ET AL. | NO.: 16-00373-BAJ-RLB |

## RULING AND ORDER

Before the Court is Defendants' **Motion to Dismiss (Doc. 78)** Plaintiff's claims as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons that follow, in addition to those stated in Court on the record on November 27, 2018, the **Motion to Dismiss (Doc. 78)** is construed as a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings and is **GRANTED**.

## I. BACKGROUND

This is an excessive-force case. (Docs. 13). Plaintiff Layne Aucoin is an inmate who was incarcerated at Dixon Correctional Institute in Jackson, Louisiana. (*Id.*). He sued Lieutenant Andrew Cupil and Master Sergeant Reginald Robinson, guards at Dixon Correctional Institute, alleging they sprayed him with mace and then kicked and punched him when he was restrained. (*Id.*). On the morning of trial, Defendants invoked *Heck* and moved to dismiss Plaintiff's claims.[1]

---

[1] The Court is troubled by Defendants' failure to raise the *Heck* defense until the morning of trial of this two-and-a-half year old case. The failure is inexcusable: the disciplinary records forming the basis of Defendants' *Heck* defense were available to Defendants at the motion to dismiss and summary judgment stages. The Court will issue a separate order directing counsel for Defendants to show cause why the Louisiana Department of Justice - Litigation Division should not be assessed the cost of assembling the venire.

1

The incident happened on August 24, 2015. (Doc. 13 at ¶ 5). That morning, Plaintiff was an inmate on suicide watch at Dixon Correctional Institute. (*Id.* at ¶ 7). Around 11:00 A.M., Plaintiff placed a paper cup over a video camera in his prison cell to see if anyone was watching him. (*Id.*). Plaintiff alleges that Master Sergeant Robinson and Lieutenant Cupil then "snuck up" on him in his cell, sprayed him with mace, and beat him after he had been restrained. (*Id.* at ¶ 8). Plaintiff sued Defendants for negligence and for using excessive force against him in violation of 42 U.S.C. § 1983. (Docs. 1, 13).

The day after the incident, Dixon Correctional Institute issued two disciplinary reports against Plaintiff.[2] (Docs. 33-13, 33-14). The reports charged Plaintiff with "defiance," "aggravated disobedience," and "destruction of property" for his conduct on the morning of August 24, 2015. (Doc. 33-13). According to the reports, Plaintiff disobeyed Master Sergeant Robinson's direct orders to uncover the camera in Plaintiff's cell, spat on Master Sergeant Robinson, and yelled expletives at both Defendants. (Docs. 33-13, 33-14). The reports reflect that the Dixon Correction Institute held disciplinary hearings on the charges on September 2, 2015 and September 4, 2015, and that Plaintiff was found guilty of two counts of "defiance," two counts of "aggravated disobedience," and one count of "property destruction." (*Id.*). The reports also reflect that Plaintiff's disciplinary convictions resulted in his loss of 30 days of good-time credit. (*Id.*).

Now, Defendants move to dismiss Plaintiff's claims under *Heck*. (Doc. 78). Defendants contend that Plaintiff's claims are barred by *Heck* because success on the

---

[2] The Court takes judicial notice of Plaintiff's disciplinary convictions because the convictions are facts that are not subject to reasonable dispute and that can be accurately and readily determined from documents whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b); *see also Gray v. Erfe*, No. 3:13-CV-39-JBA, 2015 WL 3581230, at *2 (D. Conn. June 5, 2015) (taking judicial notice of prison records); *Martinez v. New York State Dep't of Corr.*, No. 12-CV-1499-RWS, 2013 WL 5194054, at *2 n.1 (S.D.N.Y. Sept. 16, 2013) (same).

claims would imply the invalidity of Plaintiff's disciplinary convictions. (Doc. 78-1 at p. 4). Plaintiff disagrees.[3] (Doc. 79). He argues that *Heck* does not apply because his suit does not challenge his disciplinary convictions or his loss of good-time credit.[4] (*Id.*).

## II. LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. FED. R. CIV. P. 12(c). Entry of judgment on the pleadings is proper if the material facts are not in dispute and the Court can render judgment on the merits by looking to the substance of the pleadings and any judicially noticed facts. *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).

## III. DISCUSSION

The Court must dismiss Plaintiff's suit if judgment in his favor would necessarily imply the invalidity of the prison disciplinary convictions that resulted in his loss of 30 days of good-time credit.[5] *Heck*, 512 U.S. at 487; *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (a "conviction" under *Heck* includes "a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits").

---

[3] As purported support for his argument that *Heck* does not apply, Plaintiff cites two report and recommendations in which United States Magistrate Judges recommended that district courts dismiss prisoner-plaintiffs' § 1983 claims under *Heck*. *See Swafford v. Cain*, No. 13-CV-788-JWD-RLB, 2014 WL 4418537, at *5 (M.D. La. Sept. 8, 2014); *Spann v. Strain*, No. 16-CV-4126, 2016 WL 7626574, at *13 (E.D. La. Dec. 9, 2016).

[4] Plaintiff does not argue that Defendants' Motion is untimely. (Doc. 79). Nor can he. A defendant does not waive a *Heck* defense by failing to raise it in a responsive pleading; to the contrary, a defendant may raise the defense by motion at trial. *Walker v. Munsell*, 281 F. App'x 388, 389 (5th Cir. 2008) (per curiam).

[5] The pleadings and judicially-noticeable facts confirm that Plaintiff's disciplinary convictions have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

### A. Excessive Force

To succeed on his excessive-force claim, Plaintiff would have to show that Defendants used force against him "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Plaintiff's prison disciplinary proceedings found that Lieutenant Cupil sprayed Plaintiff with a one-second burst of a chemical agent only after Plaintiff (1) disobeyed direct orders to come to the bars of his cell to be restrained; (2) spat on Master Sergeant Robinson's face; (3) attempted to flood his prison cell by placing his gown in the toilet; (4) yelled expletives in response to Lieutenant Cupil's direct orders; and (5) yelled expletives in response to Master Sergeant Robinson's direct orders. (Docs. 33-13, 33-14).

A finding that Defendants used force against Plaintiff "maliciously and sadistically to cause harm," rather than in a "good-faith effort to maintain or restore discipline," would necessarily imply the invalidity of Plaintiff's disciplinary convictions. *Heck*, 512 U.S. at 487. Plaintiff cannot prove that Defendants used excessive force against him — specifically, that Defendants use of force was *not* in "a good-faith effort to maintain or restore discipline" — without invalidating the factual findings incorporated into Plaintiff's prison disciplinary convictions.[6] (Docs. 33-13, 33-14). Thus, the pleadings and the judicially-noticeable facts contained in Plaintiff's disciplinary reports confirm that Plaintiff's excessive-force claim is barred by *Heck*. *See Jackson v. Mizzel*, 361 F. App'x 622, 625 (5th Cir. 2010) (per curiam) (affirming dismissal of prisoner plaintiff's § 1983 claim under *Heck* because success on plaintiff's claim would imply the invalidity of prison

---

[6] Plaintiff focuses on the labels he assigned to the relief he requests. (Doc. 79). He asserts that because his complaints seek only damages, and not the return of good-time credits, *Heck* cannot apply. (*Id.*). Plaintiff's focus is misplaced. *Heck*'s application does not turn on a plaintiff's characterization of his requested relief; it turns on the effect of a judgment in his favor incorporating that relief—specifically, whether that judgment would imply the invalidity of the underlying disciplinary conviction. *See Jackson*, 361 F. App'x at 625.

4

disciplinary convictions that resulted in his loss of good-time credits). Because the pleadings and judicially-noticeable facts show that Plaintiff's excessive-force claim is barred by *Heck*, Defendants are entitled to judgment on the pleadings on Plaintiff's excessive-force claim.[7] *See Linicomn*, 902 F.3d at 533.

### B. Negligence

To succeed on his negligence claim, Plaintiff would have to show that Defendants acted unreasonably under the totality of the circumstances. *See Duncan v. Kansas City Southern Rwy. Co.*, 2000-0066, p. 4 (La. 10/30/00); 773 So. 2d 670, 675 (stating the elements of a negligence claim under Louisiana's duty/risk formulation). The factual findings incorporated into Plaintiff's disciplinary convictions and detailed above show that Defendants responded reasonably to Plaintiff's violation of prison rules. (Docs. 33-13, 33-14). A finding that Defendants acted *unreasonably* would necessarily imply the invalidity of Plaintiff's disciplinary convictions. *Heck*, 512 U.S. at 487. Thus, the pleadings and judicially-noticeable facts contained in Plaintiff's disciplinary reports confirm that Plaintiff's negligence claim is barred by *Heck*.[8] Because the pleadings and judicially-noticeable facts show that Plaintiff's negligence claim is barred by *Heck*, Defendants are entitled to judgment on the pleadings on the claim. *See Linicomn*, 902 F.3d at 533.

---

[7] Plaintiff's position finds no support in *Causey v. Poret*, No. 07-CV-238-FJP-SCR, 2007 WL 2701969, at *1 (M.D. La. Aug. 23, 2007). There—unlike here—the prisoner plaintiff did not lose any good-time credit as a result of the disciplinary violations. *Id.* at *4.

[8] Plaintiff has not argued that *Heck*'s application is limited to § 1983 claims. And even if he had, the argument lacks merit: the United States Court of Appeals for the Fifth Circuit has applied *Heck* to state-law claims, *Thomas v. La. Dep't of Soc. Servs.*, 406 F. App'x 890, 897-898 (5th Cir. 2010) (per curiam), and affirmed a district court's dismissal of state-law claims under *Heck. DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 n.3 (5th Cir. 2007). District courts have followed suit. *See, e.g.*, *Tickner v. City of Shreveport*, No. 14-CV-2679, 2017 WL 629226, at *4 (W.D. La. Feb. 15, 2017); *Lavergne v. Martinez*, 2014 WL 897837, at *5 n.2 (W.D. La. Mar. 6, 2014).

5

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss (Doc. 78)**, construed as a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A separate Final Judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 4th day of December, 2018.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**