UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAYNE AUCOIN | CIVIL ACTION |
| VERSUS | |
| ANDREW CUPIL ET AL. | NO.: 16-373-BAJ-RLB |

RULING AND ORDER

Before the Court is Layne Aucoin's **Motion to Alter or Amend (Doc. 83)** the final judgment dismissing his suit with prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons that follow, the **Motion (Doc. 83)** is **GRANTED IN PART** and **DENIED IN PART**.

I. BACKGROUND

This excessive-force case arises from a scuffle between prison guards and an inmate. (Doc. 13).

Layne Aucoin is an inmate who was incarcerated at Dixon Correctional Institute in Jackson, Louisiana. (*Id.*). Andrew Cupil and Reginald Robinson are guards at Dixon Correctional Institute. (*Id.*). Aucoin sued them under Louisiana Civil Code Article 2315 and 42 U.S.C. § 1983 for using excessive force against him. (*Id.*). He alleges that Cupil and Robinson sprayed him with mace and then kicked and punched him when he was restrained. (*Id.*).

1

The incident happened on August 24, 2015. (Doc. 13 at ¶ 5). That morning, Aucoin was in his cell on suicide watch. (*Id.* at ¶ 7). Around 11:00 A.M., he placed a cup over a video camera in his cell. (*Id.*). He alleges that Cupil and Robinson then "snuck up" on him, sprayed him with mace, and beat him after restraining him. (*Id.* at ¶ 8).

The next day, the prison issued disciplinary reports. (Docs. 33-13, 33-14). The reports charge Aucoin with defiance, aggravated disobedience, and destruction of property. (*Id.*). The reports reflect that Aucoin disobeyed Robinson's direct order to uncover the cell camera, spat on Robinson, and yelled expletives at Robinson and Cupil. (*Id.*). The reports also reflect that Aucoin was convicted of the charges after a hearing and that the convictions cost him 30 days of good-time credit. (*Id.*).

Pointing to the convictions, Cupil and Robinson moved to dismiss Aucoin's claims under *Heck*. (Doc. 78). They argued that success on Aucoin's claims would "necessarily imply the invalidity" of his convictions. (Doc. 78-1). The Court agreed and granted the motion. (Doc. 81).

The Court's ruling focused on the use of mace. (*Id.*). The Court reasoned that Aucoin's excessive-force claim was *Heck*-barred because a finding that Cupil and Robinson used mace "maliciously and sadistically" would "necessarily imply the invalidity" of his convictions—convictions that showed the use of mace to be a "good-faith effort to maintain or restore discipline." (*Id.*) (citing *Heck*, 512 U.S. at 847). The Court concluded that Aucoin's negligence claim, too, was *Heck*-barred. (*Id.*). A finding that Cupil and Robinson acted unreasonably when they sprayed Aucoin with mace,

2

the Court reasoned, would contradict the factual findings incorporated into the disciplinary convictions and thus "necessarily imply the[ir] invalidity." (*Id.*). Because the Court concluded that Aucoin's claims were *Heck*-barred, the Court dismissed them with prejudice and entered judgment for Cupil and Robinson. (Docs. 81, 82).

Aucoin moves the Court to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (Doc. 83). Cupil and Robinson oppose. (Doc. 84).

## II. LEGAL STANDARD

A party may move to alter or amend a judgment no more than 28 days after the entry of judgment. FED. R. CIV. P. 59(e). A motion to alter or amend a judgment must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Lamb v. Ashford Place Apartments, L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019) (citation omitted).

## III. DISCUSSION

A plaintiff cannot "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–487.

*Heck* applies to prison disciplinary convictions. *Edwards v. Balisok*, 520 U.S. 641, 646–648 (1997). It does not, however, apply to "a prisoner's challenge that threatens no consequence for his [underlying] conviction or the duration of his sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam).

Aucoin contends that *Heck* does not bar his claims because he does not challenge his disciplinary convictions. (Doc. 83-2). His argument lacks merit: *Heck*'s application does not turn on the way he describes the relief he requests; it turns on the effect of a judgment in his favor incorporating that relief. *See Heck*, 512 U.S. at 486–487.

Although Aucoin's argument is meritless, his general position—opposing application of *Heck*—finds support in a recent opinion, *Bourne v. Gunnels*, __ F.3d __, 2019 WL 1613537 (5th Cir. Apr. 16, 2019), clarifying the doctrine.

*Bourne* arose from a prison scuffle not unlike this one. *Id.* at *1. A prisoner sued guards under § 1983, alleging they used excessive force against him after he was restrained on the floor of his cell. *Id.* For his role in the scuffle, the prisoner was convicted of tampering with his cell door and creating a disturbance; he lost 30 days of good-time credit. *Id.* at *4. The district court entered summary judgment against him, concluding his claims were *Heck*-barred. *Id.* The United States Court of Appeals for the Fifth Circuit reversed. *Id.*

The Fifth Circuit held that *Heck* did not bar the prisoner's claims. *Id.* The court reasoned that success on the excessive-force claims would not "necessarily imply the invalidity" of the prisoner's disciplinary convictions for "tampering with a locking

4

mechanism or food tray slot" and "creating a disturbance" because the claims "ar[o]se from the specific force" the guards used on him after he was restrained. *Id.* His convictions, by contrast, arose from his pre-restraint conduct. *Id.* So the basis of the prisoner's § 1983 claims, the court observed, was "distinct from the basis of his disciplinary conviction[s]." *Id.*

*Bourne* salvages some of Aucoin's claims. The claims arising from the use of force against him after he was restrained must stand; the claims arising from the use of mace must not.

A.  **Claims Arising From the Use of Mace**

Aucoin alleges that Cupil and Robinson used excessive force against him when they "snuck up on [him] and used mace on [him]." (Doc. 13 at ¶ 8). Aucoin's disciplinary reports reflect that Cupil "gained permission to use [a] chemical agent" against Aucoin after Aucoin disobeyed "a direct verbal order" to come to the cell bars. (Doc. 33-13, 33-14).

Success on these claims would "necessarily imply the invalidity" of Aucoin's disciplinary convictions because the convictions incorporate factual findings justifying the use of mace. (Docs. 33-13, 33-14). The basis for Aucoin's mace-related claims is *not* "distinct from the basis of his disciplinary conviction[s]." *Bourne*, 2019 WL 1613537, at *4. Because a finding that Cupil and Robinson used excessive force against Aucoin when they sprayed him with mace would negate the prison's finding

5

that Aucoin committed defiance and aggravated disobedience justifying the use of mace, the Court correctly dismissed these claims.

B.   **Claims Arising From the Use of Force Post-Restraint**

Aucoin alleges that Cupil and Robinson used excessive force against him when they punched and kicked him after he was restrained. (Doc. 13 at ¶¶ 10–11). Aucoin's disciplinary convictions arise from the conduct that required Cupil and Robinson to use force to restrain him—not from the use of force post-restraint. (Docs. 33-13, 33-14). So the basis for these claims is "distinct from the basis of his disciplinary conviction[s]." *Bourne*, 2019 WL 1613537, at *4. Because a finding that Cupil and Robinson used excessive force against Aucoin when they punched and kicked him after he was restrained would *not* negate the prison's finding that Aucoin committed defiance and aggravated disobedience before he was restrained, the Court should not have dismissed these claims.

Accordingly,

**IT IS ORDERED** that Plaintiff Layne Aucoin's **Motion to Alter or Amend Judgment (Doc. 83)** is **GRANTED IN PART** and **DENIED IN PART**, as follows: the Final Judgment (Doc. 82) is **VACATED**; the excessive-force and negligence claims arising from the use of force post-restraint are **REINSTATED**; the with-prejudice dismissal of claims arising from the pre-restraint use of mace **STANDS** as ordered (Doc. 81). The Court will set a status conference to discuss pretrial conference and trial dates.

Baton Rouge, Louisiana, this 22nd of April, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**