UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LAYNE AUCOIN | CIVIL ACTION |
| VERSUS | |
| ANDREW CUPIL ET AL. | NO.: 16-373-BAJ-RLB |

## RULING AND ORDER

Before the Court is Master Sergeant Reginald Robinson and Lieutenant Andrew Cupil's **Motion for Reconsideration (Doc. 101)** of the Court's Ruling and Order (Doc. 90) granting in part and denying in part Plaintiff Layne Aucoin's Motion to Alter or Amend Judgment (Doc. 83). For the reasons that follow, the **Motion (Doc. 101) is GRANTED.**

## I. BACKGROUND

This case turns on the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), to the excessive-force claims of a prisoner who insists guards restrained and then beat him for no reason. Again, he maintains he did nothing wrong. But his prison disciplinary convictions suggest otherwise. Because success on his claims would necessarily imply the invalidity of his convictions, *Heck* bars his claims.

1

*Heck* precludes a plaintiff from "recover[ing] damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–487. The doctrine applies to prison disciplinary convictions. *Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997). It does not, however, apply to "a prisoner's challenge that threatens no consequence for his [underlying] conviction or the duration of his sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam).

Plaintiff Layne Aucoin is an inmate who was incarcerated at Dixon Correctional Institute in Jackson, Louisiana. (Doc. 13). Master Sergeant Robinson and Lieutenant Cupil are guards at Dixon Correctional Institute. (*Id.*). Aucoin sued them under Louisiana Civil Code Article 2315 and 42 U.S.C. § 1983 for using excessive force against him. (*Id.*). He alleges, in particular, that they sprayed him with mace and then kicked and punched him after he was restrained. (*Id.*).

On the morning of trial, Defendants invoked *Heck* and moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1] (Doc. 78). Defendants contended that Aucoin's claims were *Heck*-barred because Aucoin received

---

[1] The Court is troubled by Defendants' failure to raise the *Heck* defense until the morning of trial of this nearly three-year-old case. The failure is inexcusable: the disciplinary records forming the basis of the defense were available to Defendants at the motion to dismiss and summary judgment stages.

2

disciplinary convictions[2] for his role in the incident giving rise to this lawsuit. (Doc. 78-1 at p. 1–8). Defendants stressed that success on Aucoin's claims would "necessarily imply the invalidity" of his disciplinary convictions. (*Id.* at p. 4). The Court agreed and entered judgment against Aucoin. (Doc. 81).

Thereafter, Aucoin moved to alter or amend the judgment. (Doc. 83-2 at pp. 1–14). He contended *Heck* did not apply because he did not seek restoration of the good-time credits he lost as a result of his disciplinary convictions. (*Id.*). The Court found the contention meritless[3] but granted the motion, in part, based on new authority not cited by either party. (Doc. 90 at p. 4) (citing *Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019)).

In the Ruling and Order, the Court found that Aucoin alleged two distinct claims of excessive force: one arising from the use of mace and another arising from the use of force post-restraint. (Doc. 90 at pp. 1–7). Citing *Bourne*, the Court held that the former claim was *Heck*-barred but the latter was not. (*Id.*). The Court thus reinstated the latter claim. (*Id.*).

Now, Defendants move for reconsideration. (Doc. 101). They contend that *Bourne* is distinguishable and that Aucoin's trial testimony reflects one *Heck*-barred

---

[2] The disciplinary convictions were for "defiance," "aggravated disobedience," and "destruction of property." (Doc. 33-13). According to the reports accompanying those convictions, Plaintiff disobeyed Master Sergeant Robinson's direct orders to uncover the camera in Plaintiff's cell, spat on Master Sergeant Robinson, and yelled expletives at both Defendants. (Docs. 33-13, 33-14). Plaintiff's convictions resulted in his loss of 30 days of good-time credit. (*Id.*).

[3] As the Court explained, *Heck*'s application does not turn on the way a plaintiff describes the relief he requests; it turns on the effect of a judgment in his favor incorporating that relief. *See Heck*, 512 U.S. at 486–87; *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam) (quoting *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.")).

excessive-force claim deriving from one continuous encounter. (Doc. 101-1 at pp. 1–9). For the first time, Defendants direct the Court to authority establishing that *Heck* mandates dismissal because Aucoin testified that he is innocent of the conduct forming the basis of his convictions. (*Id.* at p. 4 n.12). Aucoin filed a two-page opposition; he cites no authority apart from *Heck*, and he addresses none of Defendants' arguments. (Doc. 102 at pp. 1–2). Instead, he declares that "[t]he prejudicial nature of the *Heck* rulings in this case should be reviewed by the Fifth Circuit and the Rulings at issue should be certified for appeal." (*Id.* at p. 2).

## II. LEGAL STANDARD

The Court may reconsider its rulings on an interlocutory order for "any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. America, LLC*, 595 F.3d 206, 210-211 (5th Cir. 2010) (citation omitted). The Court's Ruling and Order on Aucoin's Motion to Alter or Amend Judgment is an interlocutory order because it did not adjudicate all claims or decide the rights and liabilities of all parties. FED. R. CIV. P. 54(b). Accordingly, the Court is free to reconsider the Ruling and Order for "any reason it deems sufficient." *Saqui*, 595 F.3d at 210.

## III. DISCUSSION

Defendants contend the Court should reconsider its application of *Bourne* and find that all of Aucoin's claims are *Heck*-barred. (Doc. 101). Defendants contend *Bourne* is distinguishable because the plaintiff admitted engaging in the conduct forming the basis of his convictions; Aucoin did not. (*Id.* at ¶ 4).

*Bourne* arose from a prison scuffle. 921 F.3d at 487. A prisoner created a disturbance when he "t[ook] control of the food-tray slot to his cell and refused to relinquish it." *Id.* In response, the prison dispatched a team to "use a chemical agent and force, if necessary, to extract the prisoner and regain control of the door." *Id.* Guards arrived at the prisoner's cell and ordered him to release the food-tray slot. *Id.* After the prisoner declined, guards sprayed him with a chemical agent. *Id.* But the spray did not produce the desired effect: seven minutes passed and the prisoner still refused to release the food-tray slot. *Id.* at 488. Eventually, guards managed to un-jam the cell door, enter the cell, and restrain the prisoner. *Id.* For his role in the scuffle, the prisoner was convicted of tampering with his cell door and creating a disturbance; he lost 30 days of good-time credit. *Id.* at 491.

He later sued. *Id.* at 487. Invoking § 1983, he alleged that the guards used excessive force against him when they sprayed him with an entire can of chemical agent and then punched and kicked him after he had been restrained. *Id.* at 488–89. Critically, he did not contest the facts underlying his disciplinary convictions. *See Bourne v. Gunnels*, No. H-16-0515, 2017 WL 2483815, at *1 (S.D. Tex. June 7, 2017) ("Bourne concedes that he wrapped a towel and sheet around the food-tray slot of his

5

cell door, jamming it in violation of prison rules so that it would not close."). The district court nonetheless entered summary judgment against him, concluding all of his claims were *Heck*-barred. *Id.* He appealed. *Id.*

The United States Court of Appeals for the Fifth Circuit held that *Heck* did not bar the prisoner's claims. *Id.* In so holding, it reasoned that success on the claims would not "necessarily imply the invalidity" of the prisoner's disciplinary convictions for "tampering with a locking mechanism or food tray slot" and "creating a disturbance" because the claims "ar[o]se from the specific force" the guards used on him after he was restrained. *Id.* His convictions, by contrast, arose from the misconduct he admitted he committed before he was restrained. *Id.* Accordingly, the court reasoned that the basis of his § 1983 claims was "distinct from the basis of his disciplinary conviction[s]." *Id.* This case differs in two critical respects.

First, the *Bourne* plaintiff's claims arose from a discrete event: prison officials' use of force against him after he was restrained on his cell floor. 921 F.3d at 491. By contrast, Aucoin's claims arise from one uninterrupted encounter. (Doc. 101-2 at pp. 60–63). Aucoin did not parse the encounter into separate claims; he told one sweeping story. (*Id.*).

Second, the *Bourne* plaintiff conceded committing the acts forming the basis of his disciplinary convictions. *Bourne*, 2017 WL 2483815, at *1. Here, however, Aucoin testified at trial that he did nothing to provoke Defendants' use of mace:

> All right, I'm sitting there, he comes. Now, he comes tells me, he starts hollering at me, cussing at me—Reginald Robinson, he comes hollering at me, cussing at me to get it off. And I'm sitting there looking at the man like he's crazy . . . Well, he comes back and he comes sneaks me

6

with the can of mace. While I'm sitting there, I'm choking, I'm choking, he says, "come to the bars and be restrained." I go ahead and I comply with the man.

(Doc. 101-2 at p. 60). Aucoin also testified that he did nothing to provoke Defendants' use of force post-restraint. (*Id.*). Indeed, he testified that Defendants dragged him out of his cell before punching and kicking him for no reason. (*Id.* at pp. 62–63).

Aucoin's convictions tell a different story.[4] The reports accompanying the convictions reflect that Lieutenant Cupil sprayed Aucoin with a one-second burst of mace after Aucoin (1) disobeyed direct orders to come to the bars of his cell to be restrained; (2) spat in Master Sergeant Robinson's face; (3) attempted to flood his prison cell by placing his gown in the toilet; (4) yelled expletives in response to Lieutenant Cupil's direct orders; and (5) yelled expletives in response to Master Sergeant Robinson's direct orders. (Docs. 33-13, 33-14). The reports also contradict Aucoin's trial testimony that, after spraying him with mace, Defendants dragged him into the lobby and proceeded to beat him. (*Id.*). According to the reports, Defendants merely restrained Plaintiff, allowed him to shower, transported him to "medical," and then returned him to his cell. (*Id.*).

These contradictions carry significance. A host of Fifth Circuit opinions—some published, some not—hold that a plaintiff's claim is *Heck*-barred if he alleges facts (or, as here, offers testimony) contradicting facts incorporated into a conviction. *See, e.g., DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007) (claims

---

[4] The pleadings and judicially-noticeable facts confirm that Plaintiff's disciplinary convictions have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . .or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

7

*Heck*-barred because plaintiff insisted he did not resist arrest and did nothing wrong, despite his conviction for aggravated assault); *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam) (unpublished) (claims *Heck*-barred because plaintiff made "broad claims of innocence relat[ing] to the entire arrest encounter," despite his conviction for resisting arrest).[5]

Aucoin's trial testimony directly contradicts the factual findings incorporated into his prison disciplinary convictions. (Docs. 33-13, 33-14). A judgment in his favor following trial would have "necessarily implied the invalidity" of the convictions. *Clarke v. Stalder*, 154 F.3d 186, 190 (5th Cir. 1998) (en banc). All of his claims are *Heck*-barred and *Bourne* does not save them. The Court erred in ruling to the contrary.

---

[5] *See also Walker v. Munsell*, 281 F. App'x 388, 390 (5th Cir. 2008) (per curiam) (unpublished) (claims *Heck*-barred because plaintiff maintained "that he did not resist arrest, did nothing wrong, and was attacked by the . . . officers for no reason," despite his conviction for resisting arrest); *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324 (5th Cir. 2004) (per curiam) (unpublished) (claims *Heck*-barred because plaintiff "claim[ed] that he did nothing wrong, but was viciously attacked for no reason," despite his conviction for resisting an officer).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Reconsideration (Doc. 101) is GRANTED**. All of Plaintiff's claims are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 26th of August, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

9