# United States Court of Appeals

**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

May 28, 2020

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

    No. 19-30779    Layne Aucoin v. Andrew Cupil, et al
                        USDC No. 3:16-CV-373

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                Sincerely,

                LYLE W. CAYCE, Clerk

                By: _____
                Dantrell L. Johnson, Deputy Clerk
                504-310-7689

cc:
    Mrs. Donna Unkel Grodner
    Ms. Theresa Cassidy Phillips
    Mr. Christopher Neal Walters

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-30779

D.C. Docket No. 3:16-CV-373

United States Court of Appeals
Fifth Circuit

**FILED**
May 6, 2020

Lyle W. Cayce
Clerk

LAYNE AUCOIN,

    Plaintiff - Appellant

v.

ANDREW CUPIL, Lieutenant; REGINALD ROBINSON, Sergeant,

    Defendants - Appellees

Appeal from the United States District Court for the
Middle District of Louisiana

Before SMITH, GRAVES, and HO, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is reversed, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

IT IS FURTHER ORDERED that each party to bear its own costs.



Certified as a true copy and issued
as the mandate on **May 28, 2020**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-30779

United States Court of Appeals
Fifth Circuit
**FILED**
May 6, 2020
Lyle W. Cayce
Clerk

LAYNE AUCOIN,

      Plaintiff - Appellant

v.

ANDREW CUPIL, Lieutenant; REGINALD ROBINSON, Sergeant,

      Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana

Before SMITH, GRAVES, and HO, Circuit Judges.

JAMES C. HO, Circuit Judge:

    Police officers and prison guards sometimes must use physical force to enforce our laws and keep people safe. But as with any use of government power, the law places important limits on the use of such force. People are imperfect. And the greater the power, the greater our fear of abuse. So when a prison inmate engages in willful misconduct, a prison guard may use reasonable force to restrain him—but after the inmate submits, there is no need, and thus no justification, for the further use of force.

    This appeal presents a question of procedure, but our analysis reflects the same underlying principle. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a convicted criminal may not bring a claim under 42 U.S.C. § 1983, if success

Case: 19-30779   Document: 00515431711   Page: 2   Date Filed: 05/28/2020
Case 3:16-cv-00373-BAJ-RLB   Document 121   05/28/20   Page 4 of 9

No. 19-30779

on that claim would necessarily imply the invalidity of a prior criminal conviction. That is because we do not allow the use of § 1983 to collaterally attack a prior criminal proceeding, out of concern for finality and consistency. *See generally Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 484–86). So an inmate cannot bring a § 1983 claim for excessive use of force by a prison guard, if the inmate has already been found guilty for misconduct that justified that use of force. But *Heck* does not bar a § 1983 claim for a prison guard's excessive use of force *after* the inmate has submitted and ceased engaging in the alleged misconduct. *See, e.g., Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019); *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008).

In this case, Prisoner Layne Aucoin complains that Lieutenant Andrew Cupil and Master Sergeant Reginald Robinson, guards at the Dixon Correctional Institute, assaulted him. He says they first assaulted him in his cell—and then again later in the prison lobby and shower. At a subsequent prison disciplinary proceeding, Aucoin was found guilty of defiance, aggravated disobedience, and property destruction for misconduct in his cell. But his misconduct ceased while he was in his cell.

We conclude that *Heck* bars his § 1983 claim as to the alleged use of force in his cell—but not as to the alleged use of force in the prison lobby and shower. That is what the district court held at one point as well, but the court subsequently changed its mind and dismissed Aucoin's entire claim under *Heck*. We therefore reverse and remand for further proceedings. In doing so, we of course express no comment on the merits of Aucoin's § 1983 claim. We hold only that portions of his claim are not barred by *Heck*.

I.

On August 24, 2015, Aucoin placed a paper cup over the surveillance camera in his prison cell, preventing prison staff from monitoring the cell.

2

Case: 19-30779 Document: 00515431711 Page: 3 Date Filed: 05/28/2020
Case 3:16-cv-00373-BAJ-RLB Document 121 05/28/20 Page 5 of 9

No. 19-30779

According to the complaint, Cupil and Robinson then "snuck up" on him and sprayed him with a chemical agent. The officers then ordered Aucoin to present himself to be restrained, an order with which he complied.

Aucoin then alleges he was taken out of the cell to the showers, where Cupil "maced" him. He concludes his narrative by claiming the guards beat and kicked him in the prison lobby.

For purposes of a motion to dismiss, we must of course accept these factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But we may also examine the prison disciplinary reports to understand the basis of the underlying conviction. *See, e.g., Davis v. Hodges*, 481 F. App'x 553, 555 (11th Cir. 2012) (per curiam) (consulting the prison disciplinary report for a motion to dismiss under *Heck*). Here, the disciplinary reports round out our understanding of the events leading up to Aucoin's disciplinary infraction—and provide a fuller account of what transpired in the prison cell: Aucoin disregarded repeated, direct orders to remove the obstruction from the camera. He screamed profanities at the officers. He attempted to force a paper gown down the sink in an effort to flood the cell. And he spat in Sergeant Robinson's face. Only after the prisoner repeatedly refused to cooperate voluntarily did Cupil deploy a one-second burst of chemical agent into the cell before restraining him. As a result, Aucoin faced disciplinary charges for defiance, aggravated disobedience, and property destruction. He was found guilty and received a punishment of thirty days' loss of good-time credits.

II.

After holding at one point that portions of Aucoin's case survive *Heck*, the district court ultimately dismissed all of Aucoin's claims as barred by *Heck*. We review *de novo*. *Munn v. Algee*, 924 F.2d 568, 575 (5th Cir. 1991).

3

Case: 19-30779    Document: 00515431711    Page: 4    Date Filed: 05/28/2020
Case 3:16-cv-00373-BAJ-RLB    Document 121    05/28/20    Page 6 of 9

No. 19-30779

A.

*Heck* prohibits suit under § 1983 if success on the claim would necessarily imply that a prior conviction or sentence is invalid. 512 U.S. at 486–87. This includes not just criminal convictions but also disciplinary proceedings like the one at issue here. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) ("A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits.") (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)).

The only way to proceed on a § 1983 claim under such circumstances is if the prior conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. That is because courts are wary of duplicative litigation and the potential for conflicting judgments. As *Heck* observed, the Supreme Court "has generally declined to expand opportunities for collateral attack," due to longstanding "concerns for finality and consistency," as well as the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 485–86. So if an individual objects to the results of a prior proceeding, the proper avenue for relief is an authorized appeal in *that* proceeding—not an end-run through § 1983.

But if the "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," the claim implicates none of these concerns and may therefore proceed. *Id.* at 487 (emphasis added). Determining whether the § 1983 claim challenges the conviction is "fact-intensive, requiring us to focus on whether success on the . . . claim requires negation of an element of the criminal offense or proof of a

4

Case: 19-30779　　Document: 00515431711　　Page: 5　　Date Filed: 05/28/2020
Case 3:16-cv-00373-BAJ-RLB　　Document 121　　05/28/20　　Page 7 of 9

No. 19-30779

fact that is inherently inconsistent with one underlying the criminal conviction." *Bush*, 513 F.3d at 497. So when a plaintiff brings multiple § 1983 claims, *Heck* may bar those claims that potentially conflict with the factual underpinnings of a prior conviction, while posing no bar to other claims. Put simply, there is no *Heck* bar if the alleged violation occurs "after" the cessation of the plaintiff's misconduct that gave rise to his prior conviction.

A few recent cases demonstrate this principle. In *Bush v. Strain*, the plaintiff sought damages for injuries sustained after she was arrested for battery and resisting arrest. 513 F.3d at 495. She contended that the arresting officer unreasonably pushed her head into the back of an automobile after she was already handcuffed and compliant. *Id.* The officer responded that both he and the plaintiff had inadvertently fallen onto the vehicle during the arrest itself, while plaintiff was still resisting. *Id.* at 496. He further argued that the complaint failed to "allege that [plaintiff's] claims of excessive force are separable from the events underlying her resisting arrest conviction." *Id.* at 499. But our court denied summary judgment and allowed her claim to proceed. *Id.* at 500. As we explained, her complaint presented a chronology of events, and that was enough for us to find that the plaintiff had "adequately pleaded a claim for excessive force occurring *after* she was restrained." *Id.* (emphasis added). Consequently, *Heck* did not bar the claims for excessive force occurring after she was restrained.

Similarly, in *Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019), a prisoner jammed the food-tray slot in his cell and refused to clear it, necessitating prison staff to disperse a chemical agent into the cell before entering and removing the impediment. 921 F.3d at 488. As a result, the prisoner was found guilty of tampering with his cell door and creating a disturbance, subjecting him to a loss of good-time credits. *Id.* at 491. Our court nevertheless permitted the plaintiff to proceed with his excessive force claim, because he alleged that he

5

Case: 19-30779    Document: 00515431711    Page: 6    Date Filed: 05/28/2020
Case 3:16-cv-00373-BAJ-RLB    Document 121    05/28/20    Page 8 of 9

No. 19-30779

was beaten *after* he submitted and was already restrained. *Id.* We concluded that the basis of the § 1983 excessive force claim was "distinct" from the basis of his disciplinary conviction, because "[a] finding of excessive force would not negate the prison's finding that Bourne violated its policies and was subject to disciplinary action as a result." *Id.*

B.

Applying this analytical framework here, we hold that Aucoin's excessive force claims for events occurring in his cell are barred by *Heck*—but that the alleged beatings in the prison showers and lobby are not.

Aucoin argues that *Heck* does not apply to any of his claims, because he never challenged the loss of the time credits and, by extension, the validity of the underlying conviction. We disagree.

First, it is of no consequence that he does not contest the loss of his good-time credits. *See, e.g.*, *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.").

Second, Aucoin overlooks one critical failing: He *does* challenge the conviction by maintaining his innocence in the events that led up to his disciplinary conviction. Specifically, he alleged both in his complaint and in his live testimony that prison staff "snuck up" on him, sprayed him with mace, and beat him—all unprovoked. He has insisted, in other words, that he is wholly blameless for the use of force against him in his cell. But a claim is barred by *Heck* if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction. *See, e.g.*, *Bush*, 513 F.3d at 497; *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007). That is the case here: If the factual account of Aucoin's complaint is taken as true, then he cannot be guilty of defiance, aggravated disobedience,

6

Case: 19-30779　　Document: 00515431711　　Page: 7　　Date Filed: 05/28/2020
Case 3:16-cv-00373-BAJ-RLB　　Document 121　　05/28/20　　Page 9 of 9

No. 19-30779

and property destruction—in direct conflict with his disciplinary conviction. As we have stated before, when a plaintiff's claim "is based solely on his assertions that he . . . did nothing wrong, and was attacked by the [] officers for no reason," that suit "squarely challenges the factual determination that underlies his conviction" and is necessarily at odds with the conviction. *Walker v. Munsell*, 281 F. App'x 388, 390 (5th Cir. 2008) (per curiam). It is precisely this "type of claim that is barred by *Heck* in our circuit." *Id.* The district court was therefore right to dismiss his claim for excessive force within the cell and up to the point that he was restrained.

But the district court erred in dismissing all of Aucoin's claims under *Heck*. Aucoin's pleadings include allegations that he was beaten and maced in the prison showers and lobby after he had surrendered. His complaint makes clear that these actions occurred after whatever he may have done in his prison cell, and it does so with at least as much specificity as the plaintiff did in *Bush*. So, as in *Bush* and *Bourne*, the plaintiff challenges the exercise of force distinct and isolated from the facts leading to the disciplinary conviction. As a result, "the factual basis for the conviction is temporally and conceptually distinct from the excessive force claim[s]." *Bush*, 513 F.3d at 498. *Heck* does not bar those subsequent, discrete claims.[1]

\* \* \*

In sum, *Heck* bars Aucoin's claims of assault while he was in the cell, up to the point he was restrained. But it does not bar the alleged assault in the showers and lobby after he surrendered—allegations we must take as true at the motion to dismiss stage. We reverse and remand.

---

[1] The officers have not suggested, and the prison disciplinary hearing made no finding, that Aucoin was defiant or disobedient while in the showers or lobby. Had he been resisting *throughout* the encounter, this would be a wholly different case.

7