**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LAYNE AUCOIN** | * | **CIVIL ACTION NO: 16-373** |
| | * | **CHIEF JUDGE** |
| **v.** | * | **BRIAN A. JACKSON** |
| | * | |
| **LT. ANDREW CUPIL and** | * | **MAGISTRATE JUDGE** |
| **SGT. REGINALD ROBINSON** | * | **RICHARD L. BOURGEOIS** |

***************************************************************************

**PROPOSED AMENDED JOINT PRE-TRIAL ORDER**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Pretrial Conference will be conducted in this proceeding by Brian A. Jackson, United States District Judge, on the 6th of October, 2022.

**PRESENT WILL BE:**

Donna U. Grodner, Trial Counsel for Plaintiff, Layne Aucoin

Matthew P. Roth for Defendants, Lt. Andrew Cupil, Sgt. Reginald Robinson

**A. NATURE OF THE ACTION**

**1. Jurisdiction**

This court has original subject matter jurisdiction under 28 U.S. §1331 and 1343. This is a civil action based under the federal constitution and federal laws of the United States pursuant to 42 U.S.C. § 1983. The court has supplemental jurisdiction pursuant to 28 U.S.C § 1367 over all state law claims (if any). There is no dispute as to the subject matter jurisdiction.

**2. Plaintiff's Claims[1]**

On August 24, 2015, LAYNE AUCOIN was housed on the Cell Block B-1.

1 Defendants object to any of Plaintiff's claims which can be construed as factual allegations which would imply the invalidity of Plaintiff's disciplinary conviction and loss of good time. *See*, Judgment of the United States Court of Appeals for the Fifth Circuit, R. Doc. 121.

On August 24, 2015, LT. CUPIL was the rank on his shift and acting in the course and scope of his employment. On August 24, 2015, around 11:00 a.m., LAYNE AUCOIN was on suicide watch and should have been video monitored during the entire encounter with LT. CUPIL. LAYNE AUCOIN had been on suicide watch for almost two weeks. LAYNE AUCOIN placed a paper cup over the video camera lens to see if anyone was actually watching him after which LT. CUPIL appeared and began talking trash.

In the alternative, SERGEANT ROBINSON saw the video camera and told LT. CUPIL something and then SERGEANT ROBINSON and LT. CUPIL snuck up on LAYNE AUCOIN and used mace on LAYNE AUCOIN and then restrained him and beat him in the lobby.

Lt. CUPIL took LAYNE AUCOIN from the B-1 to the shower where he was maced by LT. CUPIL. Then he was taken to the lobby and then back to cell block B1 during the incident all of which should be on video.

LAYNE AUCOIN was naked when LT. CUPIL ordered him to come to the bars and be restrained. LAYNE AUCOIN complied with the direct verbal order and was placed in handcuffs behind his back and his feet were restrained. LT. CUPIL removed him from the cell and brought him to the lobby where Sgt. Reginald Robinson began punching him. Sgt. Franklin was in the area and failed to intervene.

LT. CUPIL had taken LAYNE AUCOIN from the CBB from B-1 where he allowed Sgt. Robinson to start punching LAYNE AUCOIN and throw him to the ground. LT. CUPIL made certain comments while LAYNE AUCOIN was on the ground naked after which LT. CUPIL kicked LAYNE AUCOIN.

Afterwards, LAYNE AUCOIN showed Warden Vorheese his arms and face and boot prints

on his chest. LAYNE AUCOIN requested that photos be taken, which request was denied. There was an indentation on his arm from where the Defendants kicked the handcuffs and he was refused medical pain relief for more than 25 days while his hand was numb.

Two days later he was moved to Cell Block C Cell A-1 that also has a camera and he made sure his swollen face, head and ears and crook in his arm were presented to the camera.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

**2. Claims of Defendants**

Plaintiff Layne Aucoin (hereinafter referred to as "plaintiff"), was at all pertinent times in the custody of Louisiana's Department of Public Safety and Corrections ("DPS&C") and incarcerated at Dixon Correctional Institute ("DCI") in Jackson, Louisiana.

Pursuant to the Judgment of the Fifth Circuit that Plaintiff's claims relating to the events that took place inside Plaintiff's cell are barred by *Heck*, the following facts should be taken as established for the purposes of this trial.[2] Factual claims to the contrary would necessarily challenge Plaintiff's disciplinary conviction that resulted in loss of good time, and the Court was "right to dismiss [Plaintiff's] claim for excessive force within the cell and up to the point that he was restrained."[3]

**a. Defendants' claims which should be undisputed:**

On August 24, 2015, plaintiff was on standard suicide watch and housed on Cellblock B, D-Tier, Cell D-a, which was a camera cell. Plaintiff then placed a paper cup over the surveillance

---

2 R. Doc. 121.

3 *Id* at 9; *See*, *Bush v. Strain,* 513 F.3d 492, 497 (5th Cir. 2008); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007).

camera in his cell, preventing staff from monitoring the cell.

Defendant Msgt. Robinson ordered plaintiff to unblock the camera. Plaintiff refused defendant Msgt. Robinson's direct verbal orders and began cursing at the defendant. Plaintiff spit through the cell door and on defendant Msgt. Robinson's face and on his clothes.

When defendant Captain Cupil arrived at cell D-1, Capt. Cupil ordered plaintiff to unblock the camera but plaintiff refused and continued to curse. Defendant Capt. Cupil gave plaintiff several direct verbal orders to come to the bars of the cell to be restrained, so that the plaintiff could safely be removed from the cell and the camera cleaned, but plaintiff refused all orders.

Defendant Capt. Cupil again gave plaintiff several verbal commands to come to the bars to be restrained, and plaintiff continued to refuse. Only after repeated refusal to comply with the verbal orders given did defendant Capt. Cupil administer a one second burst of chemical agent into cell D-1. Defendant Capt. Cupil gave plaintiff some more direct verbal orders to come to the bars and he finally did so. Once restrained, plaintiff did not resist either officer and followed the subsequent orders given by the officers.

The remaining facts below are asserted by Defendants but have not been established by the Fifth Circuit's Judgment.

**b. Defendants' claims which are, or may be, disputed by Plaintiff:**

Plaintiff was then restrained and escorted to the shower on C-Tier because the shower on D-Tier was out of order. Plaintiff was allowed to shower in the shower on C-Tier. Medical was contacted and nurse Justin came to Cellblock B to see plaintiff. While plaintiff was out of his cell, plaintiff's cell was cleaned and the camera unblocked by the inmate orderlies assigned to work Cellblock B. Plaintiff was then placed back in cell D-1.

Once the situation was over and plaintiff back in his cell, defendant Msgt. Robinson returned to his post at D-Tier.

Plaintiff was seen by medical at approximately 12:30 p.m., later that same night, at approximately 10:35 p.m. and plaintiff made no mention of injury to or pain in his right arm. Plaintiff was evaluated by Mental Health staff every morning until he was taken off standard suicide watch. X-rays were taken on September 10, 2015 of both plaintiff's arms. Both x-rays were negative and no bone or tissue abnormalities were identified.

Mr. Curtis Thurman, a social worker in the Mental Health department at DCI, has evaluated plaintiff on a number of occasions. Mr. Thurman evaluated plaintiff over ten times from August 24, 2015 through September 8, 2015.

Defendant Capt. Cupil did not beat or kick or punch plaintiff at any time. Defendant Msgt. Robinson did not beat or kick or punch plaintiff at any time.

Defendants, Capt. Cupil and Msgt. Robinson, are entitled to qualified immunity from plaintiff's allegations. Furthermore, this Honorable Court dismissed all claims of failure to protect at the summary judgment stage. Plaintiff also voluntarily dismissed all claims of retaliation. Thus, the only remaining claims against the defendants are for excessive force and state law negligence.

## B. ABANDONED CLAIMS AND DEFENSES

To the extent pled, any retaliation claim was eliminated through stipulation.

## C. RELIEF SOUGHT

### 1. Plaintiff's Calculation of Damages

The Plaintiff suffered injury to his arm resulting in constant pain and numbness,

neuropathy in left arm and hand and difficulty using due to numbness for which he is seeking medical treatment.

Wherefore, Plaintiff prays that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiffs against the defendants with legal interest from the date of demand as follows:

a. Physical pain and suffering;

b. Property damage and loss;

c. Physical injuries;

e. For emotional and mental distress, pain and suffering, humiliation, embarrassment;

f.. Future lost wages;

g. All litigation expenses;

h. For attorneys fees and for costs as may be allowable by law; and

I. For such other relief that the Court may deem just, equitable, or proper. The Plaintiff seeks punitive damages in an amount proper in the premise.

**2. Defendants' Calculation of Damages**:

**Defendants** deny Plaintiff's calculation of damages and assert that Plaintiff is not entitled to any damages, costs, fees, or other relief from Defendants.

**D. DISCOVERY**

No issues remain.

**E. PENDING MOTIONS**

**Plaintiff:** None pending.

**Defendants:** None pending. Defendants intend to file motions in limine and

reserve their right to do in accordance with the deadlines established by this Court.

**F. UNDISPUTED FACTS**

Captain Andrew Cupil and Msgt. Reginald Robinson were employed by DCI on August 24, 2015.

**G. DISPUTED ISSUES OF FACT**

Plaintiff: On August 24, 2015, Captain Andrew Cupil and M.Sgt. Reginald Robinson were employed at DCI and in the course and scope of their employment and acting under color of state law.

Whether Defendants used excessive force, unnecessary force or corporal punishment or whether their actions were negligent.

Defendant: All facts asserted by Plaintiff are in dispute other than the facts that Capt. Andrew Cupil and Msgt. Reginald Robinson were employed by DCI on August 24, 2015.

**H. DISPUTED LEGAL ISSUES**

**Plaintiff's Legal Issues**

1. Did Defendants fail to protect and in fact aid and assist an inmate in causing physical harm to Mr. Aucoin in violation of his 8th Amendment right to be free from cruel and unusual punishment?

2 Did the actions of Defendants constitute use of corporal punishment, excessive or unnecessary force in violation of the 8th Amendment?

3 Was there intentional conduct or mere negligence?

4 Did the violation of rights cause compensable damages?

5 If no, are nominal damages appropriate?

6 Did any Defendant act with a malice and with a wanton and reckless disregard?

7 Are punitive damages appropriate?

8 In the alternative, were the injuries caused by the negligence of the Defendants

**Defendants Legal Issues**

1. Can plaintiff establish by direct evidence that the Defendants subjected him to excessive force on August 24, 2015? If Plaintiff establishes that Defendant subjected him to excessive force on August 24, 2015, did that force cause some harm to Plaintiff?

2. Whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm?

3. Can plaintiff establish by direct evidence that Defendants violated his constitutional rights on August 24, 2015?

4. Whether Defendants were negligent on August 24, 2015?

5. Are defendants, Capt. Cupil and Msgt. Robinson, entitled to the defense of qualified immunity?

## I. EXHIBITS

There is no objection to the following exhibits, which are jointly offered.

1. Certified Medical Records and Mental Health records of Plaintiff from DCI

2. DCI Policy and Procedures No. 3A-01 Use of Force

3 DCI Policy and Procedures No. 3A-002 Use of Chemicals

4. Corrections Services Employee Manual

5. DCI Suicide Prevention Policy

6. Department of Corrections Regulation No C-02-006 regarding use of force;

7. Disciplinary Rules and Procedures for Adult Offenders Rulebook.

| Plaintiff's Exhibit List | Authenticity | Objection |
|---|---|---|
| 1. Certified Medical Records and Billing Metropolitan Health | | |
| 2. Medical Summary | | At this time, the authenticity of this document is not clear, and undersigned counsel has not seen this document. Defendants object to the authenticity and content of this document if it was not prepared in the normal course of business at Dixon Correctional Institute and/or Department of Corrections. Further, defendants object to this document because it is unfairly prejudicial and cannot be verified as to its origins |
| | | |

| | | |
|---|---|---|
| 3. Cupil affidavit possible for impeachment | | |
| 4. Suicide Watch URO possible for impeachment | | |
| 5. Cupil UOR possible for impeachment | | |
| 6. Cupil Disciplinary report possible for impeachment | | |
| 6. Robinson affidavit possible for impeachment | | |
| 7. Robinson Disciplinary Report possible for impeachment | | |
| 8. Thurman affidavit possible for impeachment | | |
| 9. Roll Call Roster possible for impeachment | | |
| 10. Unit 2 Log book possible for impeachment | | |
| | | |

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| **Defendants' Exhibit List** | Authenticity | Objection |
|---|---|---|
| 1. Plaintiff's X-ray records for September 10, 2015; | | |
| 2. Roll Call Roster-Compound two for August 24, 2015; | | No direct relevance |
| 3. Unit 2, Control Room Logbook dated August 24, 2015; | | hearsay when offered by Defendant |
| 4. Unit 2, Cellblock B, D-Tier Logbook dated August 24, 2015; | | hearsay when offered by Defendant |
| 5. Suicide Watch WUORs dated August 24, 2015; | | hearsay when offered by Defendant |
| | | |

| | | |
|---|---|---|
| 6. Warden's Unusual Occurrence Report written by Lt. Andrew Cupil dated August 24, 2015. | | hearsay when offered by Defendant |
| 7. Disciplinary Report written by Lt. Andrew Cupil dated August 24, 2015; | | hearsay when offered by Defendant |
| 8. Disciplinary Report written by Msgt. Reginald Robinson dated August 24, 2015; | | hearsay when offered by Defendant |
| 9. Administrative Remedy Procedure No. DCI-2015-805; | | hearsay and exhaustion is not an issue |
| . | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**J. WITNESS LIST**

**Plaintiff's Witness List**

Will Call

1. Layne Aucoin (DOC #616998)
   Elayn Hunt Correctional Center
   PO Box 174
   St. Gabriel, LA 70776

2. Warden David Voorhies
   DCI
   May testify about DCI policy and procedure.

3. Dr. Robert Lyle Cleveland

May Call

1. Lt. Andrew Cupil

   *May be contacted through undersigned counsel*

   Will testify about the alleged events giving rise to the lawsuit.

2. Msgt. Reginald Robinson

   *May be contacted through undersigned counsel*

   Will testify about the alleged events giving rise to the lawsuit.

3. Any witness listed by any other party.

**Defense Witness List**

Will call:

1. Lt. Andrew Cupil
   *May be contacted through undersigned counsel*
   Will testify about the alleged events giving rise to the lawsuit.

2. Msgt. Reginald Robinson
   *May be contacted through undersigned counsel*

Will testify about the alleged events giving rise to the lawsuit.

May call:

3. Layne Aucoin, plaintiff

4. Major Michael McIntyre
DCI

May testify about the alleged events giving rise to the lawsuit and/or DCI policy and procedures

5. Curtis Thurman
DCI

May testify about the alleged events giving rise to the lawsuit and/or DCI policy and procedure.

6. Col. Scott Brumfield
DCI

May testify about DCI policy and procedure.

Objection - cumulative testimony of Warden Vareese

7. Warden David Voorhies
DCI

May testify about DCI policy and procedure.

8. Dr. Robert Lyle Cleveland,
DCI

May testify about treatment to Plaintiff.

9. Any witnesses necessary for the introduction of documentary evidence.

10. Any and all rebuttal witnesses.

11. Any other witnesses listed or call by plaintiff.

**K. EXPERT WITNESS STIPULATION**

.None

**L. DEPOSITIONS**

.None

**M. DISPUTED EVIDENTIARY ISSUES**

**Plaintiff:**

**Defendants**: Defendants intend to file motions in limine they determine are necessary in accordance with the deadlines established by this Court.

**N. PROPOSED VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, AND VERDICT FORMS**

Proposed Voir Dire Questions, Jury Instructions, and Verdict Forms have been previously submitted.

**O. TRIAL BRIEFS**

This matter is designated as a jury trial.

**P. TRIAL**

The parties estimate the case can be tried in three (3) days.

**Q. BIFURCATION, SEPARATE TRIAL OF ISSUES**

The parties agree that the issues of liability and damages should not be bifurcated for trial.

**R. CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

The parties do not consent to proceed before the Magistrate Judge to conduct the trial of this matter.

**S. SETTLEMENT**

A settlement agreement has not been reached at this time. The possibility of settlement of

this case has been considered, and the parties have not reached an agreeable compromise.

## PRETRIAL STATEMENT

The foregoing admissions, having been made by the parties, and the parties having specified the foregoing issues of fact and law that remain to be litigated, this Pretrial Order shall supplement the pleadings and govern the course of the trial in this matter, unless modified to prevent manifest injustice.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY: */s/ Matthew P. Roth*
Matthew P. Roth (#37527)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, Fourth Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: RothM@ag.louisiana.gov
*Attorney for Defendants*

**AND**

s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES

2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
dgrodner@grodnerlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to plaintiff's counsel by operation of this Court's electronic filing system.

*/s/ Matthew P. Roth*
Matthew P. Roth